tIN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| WILLIAM PHILLIP JACKSON, ) | Case No. 3:24-bk-30017 |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | |
| _____ ) | |

**UNITED STATES' OPPOSITION TO DEBTOR WILLIAM JACKSON'S
MOTION FOR CONTEMPT AND FOR TURNOVER OF PERSONAL PROPERTY**

The United States opposes Debtor William Jackson's Motion for Contempt and for Turnover of Personal Property (Doc. No. 13, the "Motion") in its entirety.  In his Motion, Jackson again contemptuously refuses to acknowledge the validity of, or any duty to comply with the U.S. District Court's Order of Sale in *United States v. Jackson et al.*, 3:16-cv-05096-BCW (W.D. Mo.), dated September 9, 2019 (and as subsequently amended).  (*See* Doc. Nos. 20-4, 20-5, and 20-6, collectively the "District Court's Order of Sale.")  Jackson claims a violation of the automatic stay from the January 24, 2024 eviction of all occupants of real properties in Granby and Stark City by federal law enforcement officers.  But because the U.S. District Court ordered all occupants of those properties to vacate no later than *30 days after September 9, 2019*, Jackson and others were ***unlawfully*** occupying the real properties at the time Jackson filed his January 23, 2024 bankruptcy petition.  (*See* Doc. No. 20-4, p. 12.)  Similarly, Jackson seeks possession of seized personal property that the U.S. District Court already held was forfeited or abandoned by him in 2019.  (*See id*., p. 13.)  There was no violation of the automatic stay.  And to the extent the evictions by federal law enforcement officers on January 24, 2024 technically violated this Court's automatic stay, which the United States maintains they did not, Jackson has

1

lost no lawful rights to property as a result of the evictions.[1]  Therefore, the Court should deny Jackson's Motion in its entirety.

In further response to Jackson's Motion, the United States incorporates its Motion to Lift Automatic Stay *Nunc Pro Tunc*, including its accompanying declarations and exhibits at Doc. Nos. 19-23 and 28.  In its Motion, the United States asserts, *inter alia*, that Jackson's petition was filed in bad faith, thus warranting a retroactive lifting of the automatic stay to allow for the sale of property pursuant to the District Court's Order of Sale.  If granted, the Motion to Lift Automatic Stay *Nunc Pro Tunc* would render Jackson's Motion moot.  The United States also refers the Court to the anticipated evidentiary record from the February 8, 2024 hearing scheduled in this action.

//

//

//

//

//

//

//

//

---

[1] Because the U.S. District Court held that William Jackson and his wife, Sharon Jackson, own the real properties, but are not permitted to occupy them after 2019 under the District Court's Order of Sale, the United States acknowledges that any sale of the real properties requires lifting the automatic stay.  Therefore, the United States cancelled the real property sales scheduled and noticed to Jackson and the public for January 25, 2024.  *See* District Court's Order and Final Judgment (Doc. No. 20-3, pp. 3 ("This Court found previously that Phil Jackson and Sharon Jackson are the legal and equitable owners of four properties … ."); Whitfield Declaration (Doc. No. 21, ¶ 15.)

DATED: February 5, 2024.

    Respectfully submitted,

    TERESA A. MOORE
    United States Attorney

    DAVID A. HUBBERT
    Deputy Assistant Attorney General
    Tax Division - U.S. Department of Justice

    */s/Russell J. Edelstein*
    RUSSELL J. EDELSTEIN
    (MA Bar No. 663227)
    DANIEL A. APPLEGATE
    (Michigan Bar No. P70452)
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 7238, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-2704 (Edelstein)
    Telephone: (202) 353-8180 (Applegate)
    Facsimile: (202) 514-6770
    russell.j.edelstein@usdoj.gov
    daniel.a.applegate@usdoj.gov
    *COUNSEL FOR UNITED STATES*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on the 5th day of February 2024, service of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. On February 5, 2024, I will also send the foregoing to: (1) jacksonfamilytire@gmail.com by e-mail; and (2) William Jackson at 10356 Venice Lane, Stark City, MO 64866, by mail.

.

/s/ Russell J. Edelstein
RUSSELL J. EDELSTEIN